The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on June 26, 2012, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: June 26, 2012**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: ) | Case No. 09-10989 |
| ) | |
| ROSALYNN N. HARRELL, ) | Chapter 7 |
|    Debtor. ) | |
| _____ ) | Judge Arthur I. Harris |
| ) | |
| VIRGIL E. BROWN, JR., ) | |
| TRUSTEE, ) | |
|    Plaintiff, ) | Adversary Proceeding |
| ) | No. 11-1217 |
| v. ) | |
| ) | |
| ROSALYNN N. HARRELL, ) | |
|    Defendant. ) | |

MEMORANDUM OF OPINION[1]

On August 25, 2011, Virgil E. Brown, Jr., the Chapter 7 trustee, initiated this adversary proceeding alleging that Rosalynn N. Harrell ("the debtor") had failed to turnover property of the estate and seeking revocation of the debtor's

---

[1] This opinion is not intended for official publication.

discharge under 11 U.S.C. § 727(d)(3) and (a)(6)(A). This matter is currently before the Court on the trustee's motion for summary judgment. For the following reasons, the trustee's motion is granted.

## JURISDICTION

The Court has jurisdiction over this action. A claim for revocation of discharge pursuant to 11 U.S.C. § 727(d)(3) and (a)(6)(A) is a core proceeding under 28 U.S.C. §§ 157(b)(2)(J) and 1334, which falls within the jurisdiction granted to this Court pursuant to Local General Order No. 84, dated July 16, 1984, and Local General Order No. 2012-7, dated April 4, 2012.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 11, 2009, the debtor filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code. Subsequently, the trustee filed a motion requesting the Court to compel the debtor to turnover the sum of $5,589, consisting of the non-exempt portion of the debtor's income tax refund. (Docket #16.) On November 2, 2009, the Court entered an order granting the trustee's motion and directing the debtor to turnover the sum of $5,589. (Docket #19.) On March 9, 2010, the Court granted the debtor a discharge. (Docket #27.)

The trustee filed this adversary proceeding on August 25, 2011, asserting

that the debtor failed to obey the Court's order to turnover funds and seeking to have the debtor's discharge revoked under 11 U.S.C. § 727(d)(3) and (a)(6)(A). (Adv. Pro. Docket #1.) On September 29, 2011, the debtor filed an answer asserting that she denies that she received and retained property of the estate and denies that she was ordered to turnover property to the trustee and failed to do so. (Adv. Pro. Docket #5.) The trustee subsequently filed this motion for summary judgment. The debtor did not file a response.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County, Tenn.*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show

3

there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997). *See, e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). In determining the existence or nonexistence of a material fact, a court will review the evidence in a light most favorable to the nonmoving party. *See Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

## DISCUSSION

The trustee seeks to have the Court revoke the debtor's discharge under Section 727(d)(3) and (a)(6)(A). Section 727(d)(3) provides in pertinent part:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if–
> > (3) the debtor committed an act specified in subsection (a)(6) of this section[.]

11 U.S.C. § 727(d)(3). Subsection (a)(6) of Section 727 provides in pertinent part:

> (a) The court shall grant the debtor a discharge, unless–
> > (6) the debtor has refused, in the case–
> > > (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify[.]

4

11 U.S.C. § 727(a)(6)(A).

Courts are split regarding what level of intent must be demonstrated under Section 727(a)(6). *See In re Gentry*, 275 B.R. 747, 754 (Bankr. W.D. Va. 2001). Some courts have found that the word "refused" means that there must be a showing that the debtor willfully and intentionally refused to obey the court's order. *See Smith v. Jordan* (*In re Jordan*), 521 F.3d 430, 434 (4th Cir. 2008); *Concannon v. Constantini* (*In re Constantini*), 201 B.R. 312, 316 (Bankr. M.D. Fla. 1996); *Wilmington Trust Co. v. Jarrell* (*In re Jarrell*), 129 B.R. 29, 33 (Bankr. D. Del. 1991). Other courts have found that Section 727(a)(6) is similar to a charge of civil contempt, thus negating the intent requirement. *See Hazlett v. Gorshe* (*In re Gorshe*), 269 B.R. 744, 746 (Bankr. S.D. Ohio 2001); *Hunter v. Watson* (*In re Watson*), 247 B.R. 434, 436 (Bankr. N.D. Ohio 2000).

This Court agrees with the courts that have found Section 727(a)(6) to be similar to a charge of civil contempt. As other courts have noted, if Congress had intended to include a willfulness or intentional standard in Section 727(a)(6), Congress could have done so, as it did in Section 727(a)(2). *See Hunter v. Magack* (*In re Magack*), 247 B.R. 406, 410 (Bankr. N.D. Ohio 1999).

The Sixth Circuit has held that in order for a party to be liable for civil

contempt, the moving party must establish that: "(1) the alleged contemnor had knowledge of the order which he is said to have violated; (2) the alleged contemnor did in fact violate the order; and (3) the order violated must have been specific and definite." *Watson*, 247 B.R. at 436 (citing *Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998)).

If the moving party can show each of these elements, then the debtor has "an obligation to explain [her] non-compliance." *Jordan*, 521 F.3d at 434 (quoting *Missouri ex rel. Nixon v. Foster* (*In re Foster*), 335 B.R. 709, 716 (Bankr. W.D. Mo. 2006)). Impossibility or inability to comply with the order are valid defenses to an action to revoke discharge under Section 727(a)(6)(A). *See Magack*, 247 B.R. at 410. Mere assertions by the debtor are not sufficient, the debtor must provide supporting evidence to explain the debtor's noncompliance. *See id.* at 410 (citing *Harrison v. Metro. Gov't of Nashville & Davidson County, Tenn.*, 80 F.3d 1107, 1112 (6th Cir. 1998)). A debtor may not merely assert a present inability to comply, but must instead "introduce supportive evidence showing that all reasonable efforts to comply have been undertaken." *Magack*, 247 B.R. at 410-11.

In the instant action, the trustee has, in affidavit format, established the necessary facts for revocation of discharge under Section 727(d)(3) and (a)(6)(A).

6

11-01217-aih    Doc 22    FILED 06/26/12    ENTERED 06/26/12 15:12:03    Page 6 of 7

The debtor was given an opportunity to explain her failure to comply with the Court's order to turnover the sum of $5,589, but failed to do so by not filing a response to the trustee's motion for summary judgment. After reviewing the evidence in a light most favorable to the debtor, the Court finds no genuine issue of material fact as to the debtor's failure to obey the Court's order directing turnover of funds. Accordingly, judgment in favor of the trustee, and revocation of the debtor's discharge under Section 727(d)(3) and (a)(6)(A), is warranted as a matter of law.

## CONCLUSION

For the foregoing reasons, the Court grants the trustee's motion for summary judgment.

IT IS SO ORDERED.